In re Michael C. BRACE, Debtor.

No. 09 B 44558.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 25, 2010.

514

Janet L. Watson, Law Offices of Janet L. Watson, Wheaton, IL, for Debtor.

## ORDER ON TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE OF MICHAEL C. BRACE

JACQUELINE P. COX, Bankruptcy Judge.

Subsequent to a review of materials filed by chapter 7 Debtor Michael C. Brace as required by 11 U.S.C. § 704(b)(1)(A), the U.S. Trustee filed a Statement of Presumed Abuse on January 8, 2010. Thereafter, on January 20, 2010, the Trustee filed the instant motion to dismiss the chapter 7 case as presumptively abusive pursuant to 11 U.S.C. § 707(b)(2). In the alternative, the Trustee seeks dismissal pursuant to 11 U.S.C. § 707(b)(3), asserting that granting the Debtor a chapter 7 discharge would be a substantial abuse of the provisions of the Code given the totality of the circumstances in the case.

The Debtor's schedules list primarily consumer debts, which include $65,514.73 of nonpriority unsecured debt. According to his Form B22A, the Debtor and his non-filing spouse have an annualized income of $172,260.00, almost twice the applicable median family income for a comparable household in Illinois. For the determination of presumed abuse under 11 U.S.C. § 707(b)(2), the Debtor's means-test calculation includes current monthly income of $7,662.61 and deductions totaling $7,740.40. The latter includes, among other things, a $572.60 deduction under "Other Necessary Expenses: involuntary deductions for employment" on line 26 of the form. This amount reflects the Debtor's monthly payroll deduction for repayment of a loan he took from his 401(k) plan. Based on the means-test calculations, the Debtor asserts that he cannot pay his unsecured debt in a chapter 13 plan pursuant to 11 U.S.C. § 707(b)(2)(A) and thus is eligible for chapter 7.

The Trustee objects to the Debtor's expense of $572.60 at line 26 of the means test. The Trustee contends that repayment of a 401(k) loan is not an "involuntary deduction" for purposes of the means-test calculation.

Section 707(b)(2)(A)(ii)(I) provides that a debtor may deduct from current monthly income "the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides[.]" 11 U.S.C. § 707(b)(2)(A)(ii)(I). The categories of Other Necessary Expenses can be found in section 5.15.1.10 of the Internal Revenue Manual (the "IRM"). *In re Barraza*, 346 B.R. 724, 730 (Bankr.N.D.Tex. 2006). Although the IRM does not include a category addressing 401(k) loan repay-

ments as Other Necessary Expenses, it does have a category for "involuntary deductions." Specifically, the IRM allows an "involuntary deduction" from income if the deduction is a requirement of the debtor's job. *Id. (citing* IRM § 5.15.1.10 (05–01–2004)). Thus, repayment of a retirement loan is considered an involuntary deduction for purposes of the means test only if repayment is a requirement of the debtor's employment. *In re Allen,* No. 09–08310–8–JRL, 2010 WL 1780295, at *1 (Bankr. E.D.N.C. May 3, 2010); *In re Koch,* 408 B.R. 539, 543 (Bankr.S.D.Fla.2009); *In re Ethington,* No. 08–09384–8–RDD, 2009 WL 1751431, at *2 (Bankr.E.D.N.C. June 19, 2009); *In re Mordis,* No. 06–42590–293, 2007 WL 2962903, at *2 (Bankr. E.D.Mo. Oct.9, 2007); *In re Whitaker,* No. 06–33109, 2007 WL 2156397, at *2 (Bankr. N.D.Ohio July 25, 2007); *Barraza,* 346 B.R. at 730.

■ Here, there is no evidence that default on the 401(k) loan will result in termination of the Debtor's employment, and, thus, repayment is not a requirement of the Debtor's job. Rather, the only consequence of nonpayment is that the loan will be treated as a taxable distribution. Accordingly, the Court concludes that the loan repayment is not an involuntary deduction for purposes of the means test. Disallowance of this expense will increase the Debtor's disposable income and trigger the section 707(b)(2) presumption of abuse, thereby rendering the Debtor ineligible for chapter 7 relief.

The Debtor has failed to demonstrate any special circumstances to rebut the presumption of abuse under 11 U.S.C. § 707(b)(2)(B)(i). Rather, after deducting the $572.60 expense, going through various other mathematical calculations, and arriving at a new figure on line 51 of Form B22A, he contends that default on the loan will create a "significant" income tax liabil-

ity, which will, again, ultimately render him unable to pay his unsecured debt pursuant to 11 U.S.C. § 707(b)(2)(A).

This contention brings the Court to the Trustee's section 707(b)(3) argument in the alternative. Specifically, the Trustee claims that the totality of the circumstances of the Debtor's financial situation demonstrates abuse. That is, the Trustee argues, by reducing or eliminating a number of expenses claimed on the Debtor's Schedule J, including expenses in connection with a second property owned but not used by the Debtor, he could pay at least a portion of his unsecured debt through a chapter 13 plan.

■ Under the totality of the circumstances test, a debtor's ability to pay is the most important factor to consider. *See Behlke v. Eisen (In re Behlke),* 358 F.3d 429, 437 (6th Cir.2004); *In re Lorenca,* 422 B.R. 665, 669 (Bankr.N.D.Ill.2010). However, courts should also examine other factors, including whether the debtor's budget is excessive or unreasonable and whether the debtor's schedules and statements of current income and expenses accurately reflect his true financial condition. *Lorenca,* 422 B.R. at 669.

■ In this case, the Debtor's wife owns property at 881 Papoose Court in Carol Stream, Illinois, where the Debtor primarily resides. The Debtor owns property at 601 Topeka Court, also in Carol Stream, which he has tried, unsuccessfully, to sell. Although he neither lives on the Topeka Court property nor uses the home as rental property, the Debtor intends to reaffirm the mortgage thereon. By eliminating monthly expenses of $1,904.85 for the Topeka Court property and reducing other excessive or unnecessary expenses cited by the Trustee, the Debtor will be able to pay some of his unsecured debt under chapter 13. *See Lorenca,* 422 B.R. at 674 (finding

that the debtors could not retain their former home being used as rental property at the expense of their unsecured creditors). It is not unreasonable to ask the Debtor, who seeks relief through bankruptcy and who, with his wife, makes almost twice the median income for a comparable Illinois household, to do some belt-tightening. Any claims by the Debtor that he is unable to so are simply disingenuous.

The Trustee's motion to dismiss the chapter 7 case is granted. The Court will dismiss the above-captioned case unless the Debtor moves to convert to a case under chapter 13 within 14 days, on or before July 9, 2010. This matter is set for status at 10:30 a.m. on Friday, July 16, 2010.